UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE PASCHAL, | No. 2:25-cv-2438 DAD AC PS |
| Plaintiff, | |
| v. | ORDER |
| EDWARD MITCHELL DODSON, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

1

rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      B.      The Complaint

Plaintiff's is a California resident suing another California resident for Copyright Infringement and asserting four state law causes of action: misappropriation of likeness, unfair competition, defamation per se, and intentional interference with prospective economic advantage. ECF No. 1 at 1. Plaintiff is the "creator and owner of original TikTok video and photo content through his business account." Id. Plaintiff alleges that defendant, without authorization, downloaded, copied, reposted, and distributed plaintiff's TikTok videos and photos, including works that were critical of defendant. Id. Defendant "falsely represented or implied that such works were his own or used them to harass and damage Plaintiff's reputation and business." Id. Defendant posted a TikTok video falsely stating that plaintiff "started his nonprofit to get close to children." Id. As a result, plaintiff lost goodwill, followers, and business opportunities, as well as suffered emotional distress and reputational harm. Id.

      C.      Discussion

Plaintiff's complaint cannot be served at this time because the sole basis for federal jurisdiction is the Copyright Infringement claim, pursuant to 28 U.S.C. § 133, and the complaint as drafted does not state a cause of action for Copyright Infringement. Copyright law protects all "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). "This protection has never accorded the copyright owner complete control over all possible uses of his work. Rather, the Copyright Act grants the copyright holder 'exclusive' rights to use and to authorize the use of his work in five qualified ways, including reproduction of the copyrighted work in copies." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 432–33 (1984) (footnote omitted).

1  Importantly, even some direct copies of a copyrighted work "are not within the exclusive
2  domain of the copyright owner; some are in the public domain.  Any individual may reproduce a
3  copyrighted work for a 'fair use;' the copyright owner does not possess the exclusive right to such
4  a use."  Sony Corp. of Am., 464 U.S. at 433.  Copying of a copyrighted work "for purposes such
5  as criticism, comment, news reporting, teaching (including multiple copies for classroom use),
6  scholarship, or research, is not an infringement of copyright."  17 U.S.C. § 107; see also Andy
7  Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508, 528 (2023).

8  The facts alleged are not entirely clear, but they strongly suggest that defendant's use of
9  plaintiff's original video and photo content fall under the "fair use" doctrine as criticism or
10 comment.  For example, plaintiff alleges that defendant copied and re-posted works critical of
11 defendant himself.  ECF No. 1 at 1.  This implies that defendant was coping plaintiff's works to
12 comment on or criticize them.  Additionally, plaintiff alleges that defendant used the copied
13 images to harass plaintiff.  Id.  This is also indicative of comment or criticism.  Based on the facts
14 stated in the complaint, it is unclear that plaintiff can claim defendant's usage of his copyrighted
15 material constitutes copyright infringement.  Plaintiff must add additional facts clarifying the
16 contours of defendant's use of his copyrighted material for this claim to proceed.  If plaintiff
17 cannot successfully allege a copyright infringement claim, there will be no basis for federal
18 jurisdiction in this case.

19 Moreover, several of plaintiff's supplemental state law claims are inadequately pled.
20 First, to succeed on a claim for commercial misappropriation of likeness, a plaintiff must
21 establish: (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's
22 name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and
23 (4) resulting injury.  Downing v. Abercrombie & Fitch, 265 F.3d 994, 1001 (9th Cir. 2001)
24 (internal citations omitted).  The complaint does not make any allegations regarding the use of
25 plaintiff's likeness or image.  Accordingly, the complaint does not state a claim up on which
26 relief can be granted.

27 Plaintiff's unfair competition claim likewise fails.  Plaintiff writes "Unfair Competition
28 (Bus. & Prof. Code § 17200)" in the caption of his complaint but does not explain the basis for

4

this claim or list any facts to support it. ECF No. 1 at 1. Finally, plaintiff does not identify facts sufficient to support an intentional interference with prospective economic advantage claim. "Intentional interference with prospective economic advantage has five elements: (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action. Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc., 2 Cal. 5th 505, 512 (2017). Plaintiff does not allege specific facts regarding this claim and does address the elements of knowledge or intent. Accordingly, the complaint does not state a claim for international interference with a prospective economic advantage.

Because the complaint contains various pleading defects, it cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction, in this case, the existence of a viable federal claim. The complaint must contain a short and plain statement of plaintiff's claims with adequate facts to demonstrate the legal claims are actionable. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor

give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete.  Any amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  Based on the facts alleged, it does not appear that you can support a copyright claim because your facts indicate that defendant copied your work to criticize or comment on it.  That does not violate the copyright law.  If you cannot state a copyright infringement claim, there is no basis for federal jurisdiction and this case needs to be brought in state court.  Further, you do not allege enough facts to support most of your state law claims.  You are being given 30 days to submit an amended complaint that provides facts in support of specified legal causes of action.  The court cannot look to your old complaints or motions – all of the necessary information must be in the second amended

complaint. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: September 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE